[Civ. No. 4797.   Fourth Dist.   Dec. 1, 1954.]

JAMES J. CAMPBELL, Appellant, v. DR. WILLIAM M. SCHOLL, Respondent.

James J. Campbell, in pro. per., for Appellant.

Best, Best & Krieger for Respondent.

MUSSELL, J.— On November 17, 1952, plaintiff commenced this action and his complaint contains the following allegations:

"1. That on or about the 15th day of September 1941,

defendant had suffered for years with an arthritic condition in his neck, which made it necessary for him to hold his head at an abnormal angle, because of intense physical pain.

"That defendant declared he had been treated by doctors in different parts of the world, at great expense, but that his arthritic condition did not respond to their treatment in any way, nor to any extent.

"3. That thereupon plaintiff informed defendant he had discovered a recipe, which might relieve defendant of his painful arthritic condition.

"4. That defendant thereupon requested plaintiff to impart his knowledge, promising plaintiff a liberal financial reward, if he benefited from plaintiff's remedy.

"5. That plaintiff then and there gave defendant in writing the benefit of his knowledge, to-wit the said recipe; that from the beginning of defendant's use and enjoyment of said recipe, he began to feel relieved of his arthritic pain and abnormality, and subsequently attained a normal healthy condition, free of arthritis.

"6. That defendant stated in writing in a letter to plaintiff, that his recipe caused him to become well again, but neglected and refused to compensate plaintiff in any way for his invaluable aid, although he continues to depend and rely upon plaintiff's recipe to maintain his present standard of health.

"WHEREFORE, plaintiff prays judgment against defendant in the sum of Five Thousand ($5,000.00) Dollars, costs of suit, and for such other and further relief as to the Court may seem meet and proper in the premises."

Defendant filed a general and special demurrer to the complaint and alleged therein, among other things:

"That plaintiff should not maintain this action because it is barred by the provisions of Section 339 of the Code of Civil Procedure of the State of California.

"That plaintiff should not maintain this action because it is barred by the provisions of Division 2, Chapter 5 of the Business and Professional Code of the State of California."

The demurrer was properly sustained as the cause of action, if any, was barred by the provisions of section 339 of the Code of Civil Procedure.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 26, 1955.